IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOL FINANCE CO., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO. 24-00340-KD-MU |
| | ) |
| SCOTT E. SAUCER AND SAUCER | ) |
|     FARMS, LLC, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This action is before the Court on Plaintiff LOL Finance Co.'s ("LOLFC") Motion for Default Judgment and Motion to Order Authorizing Collection of Collateral against Defendant Saucer Farms, LLC. (Doc. 12).

**I.**  **Background**

LOLFC is a business that provides loans to agricultural businesses and producers. (Doc. 1 at ¶ 7). Winfield Solutions, LLC, which operates as Winfield United, is LOLFC's affiliate company. (Id. at ¶ 8). Mr. Saucer owns and operates Saucer Farms in Frisco City, Alabama. (Id. at ¶ 9).

LOLFC, Mr. Saucer and Saucer Farms entered into an agreement in spring of 2023 for a loan of $349,000.00 to purchase crop inputs for their farm. (Id. at ¶ 10). On approximately March 20, 2023, the Mr. Saucer and Saucer Farms sent an executed contract to LOLFC titled Application/ Master Note/ Security Agreement. (Id. at ¶ 11). On approximately May 2, 2023, Mr. Saucer and Saucer Farms received a Loan Commitment from LOLFC for the Loan executed earlier in 2023. (Id. at ¶ 12). The Application/ Master Note / Security Agreement executed by Mr.

Saucer and Saucer Farms along with the Loan Commitment executed by LOLFC comprise the contract between the parties for the Loan. (Id. at ¶ 13).

The contract between the parties provided that Mr. Saucer and Saucer Farms are jointly and severally liable to pay LOLFC a principal sum of $349,000.00 with an interest rate of 2.00% before the maturity date on February 1, 2024. (Id. at ¶ 14). After February 1, 2024 or in the event of default, the loan's interest rate would change to the prime rate reported in the *Wall Street Journal* on the first day of each month plus 1.00%. (Id.). Further, the contract provided that in the event of default, the loan's interest rate would increase by six percentage points. (Id.). As collateral, Mr. Saucer and Saucer Farms provided LOLFC with a security interest in all assets owned or acquired by them in the future.[1] (Id. at ¶ 15). The security interest in the collateral was perfected by LOLFC when it filed the UCC Financing Statement and a Farm Products Filing with the Alabama Secretary of State on June 5, 2024. (Id. at ¶ 16).

Mr. Saucer and Saucer Farms defaulted on their loan by not paying the principal and interest before the February 1, 2024 maturity date. (Id. at ¶ 17). The total amount still due from Mr. Saucer and Saucer Farms on July 31, 2024 was $205,062.04, with $189,595.89 being unpaid principal and $15,466.15 being unpaid interest. (Id. at ¶ 18). Interest has continued since July 31,

---

[1] Specifically, the collateral is listed on the UCC Financing Statement as "All of the following whether now owned or hereafter acquired: All farm products and proceeds thereof, all additions or accessions thereto, and all substitutions and replacements thereof; All crops growing, grown, or to be grown; all harvested crops; all livestock; all warehouse receipts or other documents (negotiable or non-negotiable) issued for storage of such crops; all seed, fertilizer, chemicals and petroleum, and any other crop input products; all contract rights, chattel paper, documents, instruments, accounts, accounts receivable, general intangibles, and cash and noncash proceeds from the sale, exchange, collection, or disposition of any of the collateral; all entitlements and payments, whether in cash or in kind, arising under any governmental, whether federal or state, agricultural subsidy, deficiency, diversion, conservation, disaster, or any similar or other programs; All farm and business machinery, equipment and tools. ("Collateral)." (Doc. 1-3 at p. 2, 5).

2024. (Id. at ¶ 19). Although LOLFC has demanded payment from Mr. Saucer and Saucer Farms, LOLFC asserts they have refused to pay the amount due. (Id. at ¶ 20).

This action was filed with the Court on September 17, 2024. (Doc. 1). On December 5, 2024, Magistrate Judge P. Bradley Murray ordered LOLFC to show cause on why they have not moved for default against the defendants. (Doc. 9). On December 18, 2024, LOLFC applied for the Clerk's Entry of Default as to Saucer Farms. (Doc. 10). On December 19, 2024, the Clerk entered Default as to Saucer Farms. (Doc. 11). On December 19, 2024, LOLFC moved for default judgment against Saucer Farms. (Doc. 12).

## II. Standard of Review

Rule 55(a) of the Federal Rules of Civil Procedure provide that default may be entered by the clerk against a party that has failed to plead or otherwise respond once evidence of this is shown. Fed. R. Civ. P. 55(a). Once the clerk enters default, the party can petition the Court for default judgment to be entered. Fed. R. Civ. P. 55(b)(2).

Default judgments are generally disfavored by the Court of Appeals for the Eleventh Circuit as there is a "strong policy of determining cases on their merits." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)(citation omitted). When a defendant defaults, they admit the plaintiff's well-pleaded allegations of fact, but it is not construed that the defendant is admitting facts that are not well-pleaded. Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

"Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered."" Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239,

3

1245 (11th Cir. 2015) (quoting Nishimatsu Constr. Co., 515 F.2d at 1206). The Eleventh Circuit has interpreted the "sufficient basis" necessary for an entry of default judgment "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." Id. (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir.1997)). In that respect, a well-pleaded complaint does not need to have "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is sufficiently pled when the factual allegations allow the court to draw reasonable inferences of the defendant's liability. Id. (citation omitted). "A formulaic recitation of the elements of a cause of action will not do." Id. (quoting Papasan v. Allain, 478 U.S. 265, 268 (1986)) (internal quotations omitted).

### III. Analysis
#### a. Jurisdiction
##### i. Subject Matter Jurisdiction and Venue

The Court has subject matter jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. 1332(a) provides that in order for a court to have subject matter jurisdiction over an action, the parties must have diverse citizenship and have an amount in controversy exceeding $75,000. LOLFC is a Minnesota corporation. (Doc. 1 ¶ 1). LOLFC's principal place of business is in Arden Hills, Minnesota. (Id.). Defendant Scott E. Saucer resides in Frisco City, Monroe County, Alabama and is a citizen of Alabama. (Id. at ¶ 2). Defendant Saucer Farms, LLC is a Limited Liability Company in Alabama. (Id. at ¶ 3). Mr. Saucer is a citizen of Alabama and the only member of Saucer Farms, so Saucer Farms is also a citizen of Alabama. (Id.). The amount in controversy exceeds $75,000. (Id. at ¶ 5). Specifically, the amount in controversy is at least $205,062.04, based on the allegation of the unpaid loan. (Id. at ¶ 18).

Venue is proper in this case under 28 U.S.C. § 1391(b)(1). Monroe County where Saucer Farms is located sits in the Southern District of Alabama. See 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

  ii. **Personal Jurisdiction**

Rule 4(h) provides: "[u]nless federal law provides otherwise ... a domestic ... corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served (1) in a judicial district of the United States: ... (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]". Fed. R. Civ. P. 4(h)(1)(B). Also, "[u]nless service is waived, proof of service must be made to the court" and absent service by the U.S. Marshal or a deputy marshal, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

The summons and complaint were personally served to Scott E. Saucer in his personal capacity and on behalf of Saucer Farms, LLC as a person designated by law to accept service. (Docs. 7 and 8). The service occurred on September 20, 2024. (Id.). Proof of Service was filed with the Court on September 23, 2024. (Id.). The requirements for service have been met, so the Court has personal jurisdiction over Saucer Farms.

 b. **Liability**

The contract between the parties is governed by Alabama law as the UCC Financing Statement was filed with the Alabama Secretary of State in June 2024. (Doc. 1 at ¶ 16). Under Alabama law, a contract is formed when there is an offer, acceptance, consideration and mutual

5

assent. Strength v. Alabama Dept. of Finance, Div. of Risk Management, 622 So.2d 1283, 1289 (Ala. 1993). A breach of contract occurs when there is a valid contract, plaintiff has performed under the contract, defendant has not performed under the contract, and damages result. Shaffer v. Regions Financial Corp., 29 So.2d 872, 880 (Ala. 2009).

As evidenced by the Loan Agreement and UCC Financing Statement, there was a contractual relationship between the parties. LOLFC's well-pleaded allegations of fact in its Complaint, contract by the parties, and LOLFC's Motion establish LOLFC entered into a loan agreement with Mr. Saucer and Saucer Farms. LOLFC provided Mr. Saucer and Saucer Farms with $349,000 to purchase crop inputs as provided for in their agreement. Mr. Saucer and Saucer Farms did not perform on the contract by failing to pay the amount due by the loan's February 1, 2024 maturity date. By failing to pay by the maturity date, Saucer Farms breached its contract with LOLFC. Saucer Farms admits the breach of contract by defaulting in this action. *See* Lary, 780 F.3d at 1106; Iqbal, 556 U.S. at 678.

    c. **Damages**

LOLFC represented in its Complaint and Motion that $205,062.04 was still due on the loan on July 31, 2024, with interest still accruing thereafter according to the terms of the agreement. (Docs. 1 at ¶18-19;1-3 at p. 6; 12 at p. 4). Saucer Farms admits to owing this amount due to its default. See Lary, 780 F.3d at 1106. However, there is no evidence or statement made of what is owed since July 31, 2024; only an allegation that interest continues to accrue. Federal Rule of Civil Procedure 55(b)(2) does not require the Court to conduct a hearing on the amount of damages and allows the Court to "forego a hearing where all essential evidence is already of record." Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015) (internal quotation and citation omitted). The Court cannot enter default judgment until the total amount is ascertained.

Accordingly, LOLFC is **ORDERED** to file a **brief with supporting evidence, including an affidavit from an appropriate official with LOLFC,** as to the amount of interest accrued and how it was calculated.

### d. Collateral

The terms of the UCC Financing Statement between the parties identified collateral for the loan as a security interest in all assets owned or acquired by Saucer Farms or Mr. Saucer in the future. (Doc. 1-3). UCC §§ 9-601 and 9-609 and Ala. Code. §§ 7-9A-601 and 7-9A-609 provide that after default, a secured party is able to enforce a claim and take possession of the collateral provided in the security agreement. UCC §§ 9-601 and 9-609; Ala. Code. §§ 7-9A-601 and 7-9A-609. LOLFC argues that since Saucer Farms has defaulted, they are entitled to the collateral listed in the UCC Financing Statement. (Doc. 12 at p. 6-7). However, LOLFC failed to mention how this could affect the stay of this action as to Mr. Saucer. When an individual has filed for bankruptcy, a stay of all other legal proceedings or methods of debt collection against the individual are stayed. City of Chicago, Illinois v. Fulton, 592 U.S. 154, 156-57 (2021) (citing 11 U.S.C.A. § 362(a) (West)). The stay affects "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 USCA § 362(a)(5) (West). Mr. Saucer signed the UCC Financing Statement in his individual capacity, so the collateral appears to be subject to the bankruptcy stay.

Accordingly, the Motion for Order Authorizing Collecting Collateral is **DENIED.**

## IV.     Conclusion

Therefore, LOLFC is **ORDERED** to file a brief supported by evidence for the amount of interest accrued. LOLFC's Motion for Order Authorizing Collecting Collateral is **DENIED.**

**DONE** and **ORDERED** this **2nd day of July 2025.**

>                    **s/ Kristi K. DuBose**
>                    **KRISTI K. DuBOSE**
>                    **UNITED STATES DISTRICT JUDGE**