**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LOL FINANCE CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 24-00340-KD-MU** |
| | ) | |
| SAUCER FARMS, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Plaintiff LOL Finance Co.'s ("LOLFC") Motion for

Default Judgment against Defendant Saucer Farms, LLC, (doc. 21), and the attached

Declaration, (doc. 21-1). Upon consideration, and for the reasons set forth herein, the Motion is

**GRANTED**. Judgment shall be entered by separate order as required by Rule 58(a) of the

Federal Rules of Civil Procedure.

### I.      Standard of Review[1]

Rule 55(a) of the Federal Rules of Civil Procedure provide that default may be entered by

the clerk against a party that has failed to plead or otherwise respond once evidence of this is

shown. Fed. R. Civ. P. 55(a). Once the clerk enters default, the party can petition the Court for

default judgment to be entered. Fed. R. Civ. P. 55(b)(2).

Default judgments are generally disfavored by the Court of Appeals for the Eleventh

Circuit as there is a "strong policy of determining cases on their merits." In re Worldwide Web

Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)(citation omitted). When a defendant defaults,

---

[1] The facts of the case, the Court's subject matter jurisdiction and personal jurisdiction, and liability were established in the Court's July 2, 2025 Order, (doc. 16).

they admit the plaintiff's well-pleaded allegations of fact, but it is not construed that the defendant is admitting facts that are not well-pleaded. Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

"Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered."" Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Nishimatsu Constr. Co., 515 F.2d at 1206). The Eleventh Circuit has interpreted the "sufficient basis" necessary for an entry of summary judgment "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." Id. (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir.1997)). In that respect, a well-pleaded complaint does not need to have "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is sufficiently pled when the factual allegations allow the court to draw reasonable inferences of the defendant's liability. Id. (citation omitted). "A formulaic recitation of the elements of a cause of action will not do." Id. (quoting Papasan v. Allain, 478 U.S. 265, 268 (1986)) (internal quotations omitted).

## II.     Analysis

LOLFC provided a Declaration from its counsel, made under penalty of perjury, that Saucer Farms was served but failed to plead or otherwise respond. (Doc. 10-1). LOLFC represented in its Complaint and Motion that $205,062.04 was still due on the loan on July 31, 2024 with interest still accruing thereafter according to the terms of the agreement. (Docs. 1 at ¶18-19; 12 at p. 4). LOLFC's previous Motion for Default Judgment, (doc. 12), was denied because the proceedings were stayed as to Mr. Saucer due to his Chapter 12 Bankruptcy action pending in the United States Bankruptcy Court in the Southern District of Alabama. (Doc. 18). In

a separate Order, the Court established the breach of contract and liability of Saucer Farms, and ordered LOLFC to file a brief on the interest owed on the loan and the calculation to ascertain the continuing interest. (Doc. 16).

On September 25, 2025, LOLFC moved to dismiss Mr. Saucer from the case. (Doc. 19). The Court granted this Motion on October 6, 2025. (Doc. 20). On October 21, 2025, LOLFC filed a renewed Motion for Default Judgment as to Saucer Farms and included an affidavit by Jonathan C. Miesen – LOLFC's Secretary and Associate General Counsel-Litigation – as support for the Motion. (Doc. 21-1). In his affidavit, Miesen testifies that he has personal information and knowledge relating to the facts in the affidavit. (Id. at ¶ 1). Miesen testifies that the total amount due as of July 31, 2024 was $205,062.04. (Id. at ¶ 3). Of that amount, $189,595.89 was owed on the principal loan, and $15,466.15 was interest on the loan. (Id.). The interest accrued on the loan from August 1, 2024 to October 14, 2025 is $61,986.17. (Id. at ¶ 5). This number is calculated by the prime rate of interest reported by the *Wall Street Journal* plus seven percentage points, as detailed in the agreement. (Id. at ¶ 4, ).

Upon the well-pleaded allegations that state a cause of action for breach of contract, and since the amount of interest can be ascertained, the Court finds there is sufficient basis for relief by LOLFC. Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). Accordingly, default judgment is due to be entered in favor of LOLFC. Further, the Court finds that a hearing is not necessary. Rule 55(b)(2) provides that courts may conduct hearings if, in order to enter judgment, the Court needs to investigate damages or other matters or needs to determine the truth of the allegations. Fed. R. Civ. P. 55(b)(2). Here, the allegations of default and the amount of damages can be easily ascertained from the Complaint, (Doc. 1), the Motion,

3

(doc. 12), and the Jonathan C. Miesen's Affidavit, (doc. 21-1). The amount due upon entry of this order can be made certain by computation as Rule 55(a) requires. Fed. R. Civ. P. 55(a).

Interest has continued to accrue since October 14, 2025. The prime rate reported in the Jonathan Missen's affidavit of 7.25% remained the same until October 30, 2025. From October 14, 2025 to October 29, 2025, the interest accrued at $74.02 per day, bringing the total of interest to $63,096.47. On October 30, 2025, the prime rate reported by the Wall Street Journal decreased to 7.00%. JPMorganChase, Historical Prime Rate,

https://www.jpmorganchase.com/legal/historical-prime-rate (last visited March 2, 2026). From then until December 10, 2025, the interest accrued at $72.72 per day, bringing the total to $66,077.99.[2] On December 11, 2025, the prime rate reported by the Wall Street Journal decreased again to 6.75%. Id. From then until today, the interest has accrued at $71.42 per day. This brings the total amount of interest accrued on the loan to $72,005.85.

**III.    Conclusion**

Accordingly, LOLFC's Motion for Default Judgment in **GRANTED**. Damages are awarded in the amount of $261,601.74. In accordance with Rule 58(a) of the Federal Rules of Civil Procedure, Judgment will be entered as a separate document.

**DONE** and **ORDERED** this **4th day of March 2026.**

> **s/ Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[2] The daily rate of interest was determined by calculating the equation of Principal Owed multiplied by the prime rate plus one percent plus six percent and divided by 365 as detailed in Exhibit C of Jonathan Missen's Affidavit. (Doc. 21-1 at p. 24). The daily interest rate was then multiplied by the number of days the interest stayed at that rate and then added to the total interest accrued so far. The prime rate as reported in the Wall Street Journal and the historical rates are listed at JPMorganChase, Historical Prime Rate, https://www.jpmorganchase.com/legal/historical-prime-rate (last visited March 2, 2026). This calculation was used each time the interest rate changed.